UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RONALD THOMPSON III
A MINOR, BY AND THROUGH HIS
PARENT AND NATURAL GUARDIAN
RONALD THOMPSON II                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:17cv237-DPJ-FKB

APPLE, INC. & ATT WIRELESS PCS, LLC
C/O CT CORPORATION SYSTEM                                                   DEFENDANTS

ORDER

This products-liability action is before the Court on Defendant ATT Wireless PCS, LLC's ("ATT") Motion to Dismiss [7], filed on April 12, 2017. Plaintiff Ronald Thompson III filed no response, and for the reasons stated, the Court finds the motion should be granted.

I.      Facts and Procedural History

This case arises from the April 21, 2015, explosion of an Apple iPhone designed, manufactured, and placed into the stream of commerce by Defendant Apple, Inc. and sold to Plaintiff Ronald Thompson III by Defendant ATT Wireless PCS, LLC ("ATT") at its retail store in Vicksburg, Mississippi. Compl. [1-1] ¶¶ 7–10. Thompson, by and through his Parent and Natural Guardian, Ronald Thompson II, filed suit on March 2, 2017, alleging he was injured by the explosion due to a "defective condition of the phone and/or its battery." *Id.* ¶ 10. Defendant ATT removed the action to this Court and subsequently moved to dismiss the claims against it [7] pursuant to Federal Rule of Civil Procedure 12(b)(6). After Thompson failed to respond to ATT's motion within the time allotted, the Court ordered him to either respond or advise the Court that he did not intend to do so. Show Cause Order [15]. The Court warned that failure to

timely respond could result in dismissal. Nevertheless, Thompson ignored that Order, leaving Thompson in defiance of a Court Order and the pending motion unrebutted.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

III     Analysis

   A.   Motion to Dismiss

Given Thompson's lack of response, the Court will not analyze the issues beyond what is required. *See* L. U. Civ. R. 7(b)(3)(E) (instructing Courts that dispositive motions may not be granted as unopposed). ATT moves to dismiss the negligence and strict-liability claims against it under the "innocent seller" immunity provision of the Mississippi Products Liability Act ("MPLA"). Miss. Code Ann. § 11-1-63(h). The statute, which applies to actions premised on negligence and strict products liability, provides in pertinent part:

> In any action alleging that a product is defective . . . the seller or designer of a product other than the manufacturer shall not be liable unless the seller or designer exercised substantial control over the design, testing, manufacture, packaging or labeling of the product . . . or the seller or designer altered or modified the product . . . or the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.

*Id.* Courts interpret this provision to be an affirmative defense under the MPLA, meaning that dismissal on this basis "is only appropriate if it is apparent from the face of the complaint." *Thomas v. FireRock Products, LLC,* 40 F. Supp. 3d 783, 792 (N.D. Miss. 2014) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)).

In this case, Thompson alleges ATT only "sold the subject phone" to him. Compl. [1-1] ¶ 9. He fails to plead facts showing that ATT exercised substantial control over the design, testing, manufacture, packaging, or labeling of the iPhone; that it altered or modified the iPhone; or that it had actual or constructive knowledge of a defective condition. Instead, Thompson generally avers that "Defendants . . . fail[ed] to properly and adequately warn Plaintiff of the dangers of the defective subject phone which Defendants knew or in the exercise of due care should have known existed." *Id.* ¶ 14(aa). But a general allegation that ATT failed to warn of the dangers it knew about cannot be equated with a factual allegation that ATT had actual or constructive knowledge of the dangers that caused Thompson injury. And Thompson's conclusory averment that the iPhone was "in an unsafe condition when it left control of Defendants" fails for a similar reason. *Id.* ¶ 21. Simply averring control is not the same as alleging ATT exercised *substantial* control over the design, testing, manufacture, packaging, or labeling of the iPhone. Accordingly, Thompson has not pleaded a plausible claim against ATT.

B.      Failure to Prosecute

Even if Thompson had survived Rule 12(b)(6), the claims against ATT are subject to dismissal for failure to prosecute. This Court has authority under Rule 41(b) of the Federal Rules of Civil Procedure and its inherent authority to dismiss "any claim," *sua sponte*, for failure to prosecute and failure to comply with orders of the Court. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link*, 370 U.S. at 629–30. Dismissal with prejudice is appropriate "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The record demonstrates that dismissal with prejudice under Rule 41(b) is warranted here. Thompson never responded to ATT's dismissal motion. And he further ignored the Court's Show Cause Order entered May 2, 2017, despite the Court's warning that failure to respond could result in dismissal. These facts present "a clear record of delay or contumacious conduct." *Id.* Moreover, the Court gave Thompson extended time to respond to the pending motion, but he failed to avail himself of this opportunity. *See Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1521 (5th Cir. 1985) ("Providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice."). To this

day, he continues to ignore his claims against ATT. Dismissal with prejudice is therefore appropriate.

IV. Conclusion

For the foregoing reasons, the Court finds that the Motion to Dismiss [7] should be granted. The claims asserted against Defendant ATT Wireless PCS, LLC are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 24th day of May, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE